UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAN M. RENFROE,<br><br>       Plaintiff-Appellant,<br><br>v.<br><br>CITIBANK, NA, as trustee of NRZ Pass-Through Trust VI; et al.,<br><br>       Defendants-Appellees. | No.   18-35074<br><br>D.C. No. 2:17-cv-00194-SMJ<br>Eastern District of Washington,<br>Spokane<br><br>ORDER |

Before:  W. FLETCHER, CALLAHAN, and CHRISTEN, Circuit Judges.

The memorandum disposition filed on April 11, 2019 is withdrawn and a new memorandum disposition is filed concurrently with this order.  With this new memorandum disposition, the panel unanimously votes to deny Appellant's petition for rehearing as moot.  The parties will bear their own costs.

The petition for rehearing is DENIED AS MOOT.

FILED

**NOT FOR PUBLICATION**

JUL 15 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAN M. RENFROE, | No. 18-35074 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00194-SMJ |
| v. | |
| CITIBANK, NA, as trustee of NRZ Pass-Through Trust VI; et al., | REVISED MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Submitted April 8, 2019[**]
Seattle, Washington

Before: W. FLETCHER, CALLAHAN, and CHRISTEN, Circuit Judges.

Plaintiff-Appellant Jan M. Renfroe appeals the district court's denial of her

motion to remand and the district court's order granting summary judgment to

Defendants-Appellees Citibank, N.A. (Citibank) and Mortgage Electronic

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Registration Systems, Inc. (MERS) (collectively, Defendants).[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the district court's order denying Renfroe's motion to remand and affirm the district court's order granting summary judgment to Defendants in part.[2] Regarding Renfroe's quiet title claim, we vacate the district court's order granting summary judgment and remand for reconsideration.

1. Motion to Remand. We review de novo a district court's "[d]enial of a motion to remand a case to state court for lack of removal jurisdiction[.]" *United Comp. Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 760 (9th Cir. 2002). Cases removed on the basis of diversity jurisdiction must present parties whose citizenship is completely diverse and contest an amount greater than $75,000. 28 U.S.C. § 1332(a). "[E]ven if a case were not removable at the outset," it may be "rendered removable by virtue of a change in the parties[.]" *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). We "disregard nominal or formal parties" for purposes of determining diversity jurisdiction. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980).

---

[1]    As the parties are familiar with the facts, we do not recount them here.

[2]    Because we affirm the district court's denial of Renfroe's motion to remand, we deny Renfroe's motion for attorneys fees, dkt. # 42.

Before Defendants removed this case to federal court, Renfroe and Defendant Quality Loan Service Corporation of Washington (QLS) entered into a "Stipulation of Nonparticipation as to [QLS]" that stated that Renfroe "is not and shall not be seeking any monetary damages against [QLS] at this time and therefore will revise the complaint in this matter to name [QLS] as a 'Nominal Defendant' instead of as a Defendant[.]" QLS was thereafter a nominal party and the case was rendered removable because the remaining parties were all citizens of different states. The district court did not err in denying Renfroe's motion to remand, and QLS has remained a nominal defendant throughout the action.

2. Motion for Summary Judgment. We review de novo a district court's order granting summary judgment. *S. Ca. Darts Ass'n v. Zaffina*, 762 F.3d 921, 925 (9th Cir. 2014). Renfroe argues that the district court should have denied Defendants' motion for summary judgment on her Washington Deed of Trust Act, Wash. Rev. Code §§ 61.24 *et seq.*, (DTA) claims because genuine issues of material fact exist pertaining to statutory compliance. We agree with the district court that Bank of America's notice of default complied with statutory requirements. *See* Wash. Rev. Code § 61.24.030(8)(l). We also agree that Citibank's beneficiary declaration accompanying the notice of sale complied with

statutory law. *See id.* § 61.24.030(7)(a). We affirm the district court's order granting summary judgment to Defendants on Renfroe's DTA claims.

Renfroe next asserts that the district court should have denied Defendants' motion for summary judgment on Renfroe's Washington Consumer Protection Act, Wash. Rev. Code §§ 31.04 *et seq.*, (CPA) claims. To establish a private claim under the CPA, a plaintiff must establish: (1) "an unfair or deceptive act or practice;" (2) that "occurred in the conduct of trade or commerce;" (3) an impact on the public interest; (4) injury to the plaintiff in his or her business or property; and (5) a causal link between the unfair or deceptive act and the injury suffered. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 535–39 (Wash. 1986) (en banc). The failure to establish even one of these elements is fatal to a plaintiff's claim. *Id.* at 539. Turning to the last element, Renfroe's CPA claims against Citibank and MERS fail because Renfroe does not allege facts sufficient to establish that she would not have suffered an injury but for Citibank's or MERS's allegedly unfair or deceptive act. *See Bavand v. OneWest Bank, FSB*, 385 P.3d 233, 248–49 (Wash. Ct. App. 2016). We affirm the district court's order granting summary judgment to Defendants on Renfroe's CPA claims.

Renfroe also contends that the district court erred in granting summary judgment to Defendants on Renfroe's quiet title action because the foreclosure was

untimely under Washington law.  "[A]n action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after . . . the accelerated due date."  Wash. Rev. Code § 62A.3-118(a).  The district court assumed that the July 16, 2009 Notice of Intent to Accelerate in fact operated to accelerate the debt, and determined that foreclosure was timely because foreclosure proceedings commenced on May 9, 2014 when Bank of America issued the notice of default, citing *Edmundson v. Bank of America*, 378 P.3d 272, 277 (Wash. Ct. App. 2016).  After the district court issued its order, there were significant developments in Washington case law.  In *Merceri v. Bank of New York Mellon*, 434 P.3d 84, 87–89 (Wash. Ct. App. 2018), the Washington court of appeals clarified that a notice of default and intent to accelerate did not necessarily operate to accelerate the debt, rather some affirmative action is required.  And in *Cedar West Owners Ass'n v. Nationstar Mortgage, LLC*, 434 P.3d 554, 562 (Wash Ct. App. 2019), the court held that "[w]hen the nonjudicial foreclosure action tolls the statute of limitations is a factual inquiry," and noted that "*Edmundson* has been interpreted too broadly to mean filing a notice of default definitively tolls the statute of limitations."  We vacate the district court's order granting summary judgment to Defendants on Renfroe's quiet title claim, and we remand to the district court for further consideration in light of  *Merceri v. Bank of New York*

5

*Mellon*, 434 P.3d 84 (Wash. Ct. App. 2018), *Cedar West Owners Ass'n v.*

*Nationstar Mortgage, LLC*, 434 P.3d 554, 562 (Wash Ct. App. 2019), and any

other relevant developments in Washington case law.

**AFFIRMED in part, VACATED and REMANDED in part**